**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

LISA DEMAREE, et al.,

           Plaintiffs - Appellants,

   v.

WAL-MART STORES, INC., et al.,

           Defendants - Appellees.

</td><td>

No. 11-17474

D.C. No. 2:10-cv-00046-ROS

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief District Judge, Presiding

Argued and Submitted March 6, 2013
Tucson, Arizona

Before: CANBY, and N.R. SMITH, Circuit Judges, and BURNS, District Judge.[**]

Plaintiffs appeal the district court's grant of Wal-Mart Stores Inc.'s motion

for summary judgment. We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Larry A. Burns, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

1.   Plaintiffs concede that Arizona Revised Statute § 13-3559(B) applies here.  Under § 13-3559(B), Wal-Mart is statutorily immune from civil liability arising from Plaintiffs' negligence and false light invasion of privacy claims, because those claims stem from the reporting of suspected child exploitation to police.   This immunity provision provides that "A person who on discovery in good faith reports the discovery of suspected visual depictions of sexual exploitation of a minor is immune from civil liability."  Ariz. Rev. Stat. § 13-3559(B).

Plaintiffs do not contest whether the Wal-Mart employees who called police after viewing Plaintiffs' photographs reported in good faith.  Rather, they argue that the employees' immunity cannot extend to their employer, Wal-Mart.  Even assuming Wal-Mart may be separately liable outside of its employees' actions, Plaintiffs provide no evidence in support of their allegations that Wal-Mart acted in bad faith to protect itself from criminal liability and to placate its untrained employees who may have been upset by viewing such photographs.  Section 13-3559 requires only "suspected" child sexual exploitation before a report is made. The immunity provision does not require that the person making the report be trained to recognize exploitation or to investigate further.  Thus, Plaintiffs' argument that Wal-Mart's unsuitable print policy opened the door to untrained

2

reporting by employees, leading to unwarranted interaction with law enforcement, fails.[1]  Because Plaintiffs have not presented any evidence that Wal-Mart (either through its employees or as a corporate entity) acted in bad faith, the district court properly granted summary judgment on these claims.

2.  Not every omission of fact will support a consumer fraud claim under the Arizona Consumer Fraud Act, Ariz. Rev. Stat. § 44-1522.  Instead, an actionable omission "must be logically related to the transaction in which it occurs and rationally significant to the parties in view of the nature and circumstances of the transaction."  *Haisch v. Allstate Ins. Co.*, 5 P.3d 940, 945 (Ariz. Ct. App. 2000).  Here, there was no reasonable expectation of privacy in the contents of the pictures given "the nature and circumstances of the transaction," which involved turning

---

[1] Plaintiffs' further argument that police officers are not competent to determine whether a photograph constitutes child sexual exploitation is irrelevant to this case and contrary to the reporting structure in section 13-3559.  Indeed, this statute specifically contemplates reporting suspected exploitation "to a law enforcement officer."  Ariz. Rev. Stat. § 13-3559(A).

3

over digital images to Wal-Mart and requesting that the images be printed as photographs.[2]

Plaintiffs allege they were defrauded for the additional reason that Wal-Mart failed to disclose its unsuitable print policy, which could result in a customer being reported to police. This is not a cognizable consumer fraud theory, because Plaintiffs are presumed to know the law (i.e., that when a person encounters suspected child exploitation, it may be reported to police). *See Bibeau v. Pac. Nw. Research Found. Inc.*, 188 F.3d 1105, 1110 (9th Cir. 1999), *opinion amended on denial of reh'g*, 208 F.3d 831 (9th Cir. 2000) (the law presumes that "everyone is aware of the obligations the law imposes on them"). Where child exploitation is suspected, Wal-Mart has no obligation to forewarn a customer that under the permissive reporting statute police will be notified of any such images turned over by the customer to Wal-Mart.

3. The district court did not abuse its discretion in denying Plaintiffs' request for additional discovery under Federal Rule of Civil Procedure 56(d). Plaintiffs' request was vague and the discovery sought did not relate to the legal

---

[2] Plaintiffs confuse reasonable consumer expectations with reasonable reliance. The district court did not ask whether Plaintiffs reasonably relied on Wal-Mart's omissions regarding its photo processing policies. Instead, the district court held that where the consumer expectation underlying the fraud theory is unreasonable as a matter of law, there can be no consumer fraud.

issues presented on summary judgment.  Therefore, the district court did not abuse its discretion in denying the motion for a continuance.

**AFFIRMED.**